# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

CANTRISA WATSON                                                                           PLAINTIFF

v.                              NO. 2:16-cv-00045 PSH

NANCY A. BERRYHILL, Acting Commissioner                                            DEFENDANT
of the Social Security Administration

## MEMORANDUM OPINION AND ORDER

Plaintiff Cantrisa Watson ("Watson") began this case by filing a pro se complaint pursuant to 42 U.S.C. 405(g). In the complaint, she challenged the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner").

The ("Commissioner") filed a motion to dismiss and accompanied it with several exhibits. See Docket Entry 16.[1] In the motion, she maintained that the complaint should be dismissed. It was the Commissioner's position that the complaint was not filed within sixty days after the presumptive receipt of notice by Watson of the Commissioner's final decision or within further time allowed by the Commissioner, and there was no justification for tolling the sixty day deadline.

---

[1] The Commissioner failed to accompany her motion with a brief as required by Local Rule 7.2(a). The Clerk of the Court issued a deficiency letter directing the Commissioner to file a brief in support of the motion. The Commissioner has since filed a brief, and she accompanied the brief with a second motion to dismiss. The Commissioner's second motion to dismiss is denied as superfluous. See Docket Entry 20. The Court will only consider the Commissioner's first motion, which the Court has construed as a motion for summary judgment.

The Court reviewed the Commissioner's motion to dismiss and could not tell at that time whether the exhibits would be considered in resolving the motion. Out of abundance of caution, the Court elected to treat the motion as one for summary judgment. The parties were given an opportunity to present all materials pertinent to the motion for summary judgment.

Watson subsequently filed a response to the Commissioner's now motion for summary judgment. In the response, Watson did not deny filing an untimely complaint. She maintained, though, that her untimely filing should be excused because she suffers from a "terrible mental disease" that impacts her memory and concentration. See Docket Entry 19 at CM/ECF 2.

The facts at the heart of this case are not in dispute. The Commissioner accompanied her motion with a declaration from Cristina Prelle ("Prelle"), an official with the Social Security Administration. In the declaration, Prelle made the following representations, all of which the Court accepts as true:

> [Watson] filed an application for a period of disability and disability insurance benefits on September 14, 2010, alleging that her disability began on August 1, 2007 (Exhibit 1). The claim was denied initially on May 11, 2011 (Exhibit 2) and upon reconsideration on May 25, 2011 (Exhibit 3).
>
> [Watson] filed a request for hearing. On May 22, 2012, an Administrative Law Judge issued a decision denying [Watson's] claim for benefits under Title II, and mailed a copy thereof to [Watson] (Exhibit 4). On March 27, 2013, the Appeals Council remanded the case back to an Administrative Law Judge for further administrative proceedings (Exhibit 5).

> On July 23, 2014, an Administrative Law Judge issued a decision denying [Watson's] claim for benefits under Title II, and mailed a copy thereof to [Watson] (Exhibit 6).
>
> Thereafter, [Watson] requested review of this decision. On December 28, 2015, the Appeals Council sent, by mail addressed to [Watson] at P.O. Box 105, Parkin, AR 72373, notice of its action on [Watson's] request for review and of the right to commence a civil action within sixty (60) days from the date of receipt (Exhibit 7).
>
> At the time of signing this Declaration [i.e., on April 28, 2016], [Prelle] is not aware of any request for an extension of time to file a civil action as specified in said notice and in section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)) and in section 422.210 of the Social Security Administration regulations No. 22 (20 CFR 422.210).
>
> On March 28, 2016, a civil action was filed in the United States District Court for the Eastern District of Arkansas.

See Docket Entry 21, Declaration of Cristina Prelle at 3-4.

42 U.S.C. 405(g) provides, in part, that a claimant may obtain review of the Commissioner's final decision by "a civil action commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner may allow." The word "mailing" as used in 42 U.S.C. 405(g) does not mean the date on which notice is placed in the postal system. Instead, the word "mailing" means the date on which the claimant receives notice. See 20 C.F.R. 404.981 (action may be filed within sixty days after the "date you receive notice"). The "date the claimant receives notice" means five days after the date of notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. 422.210(c). See also 20 C.F.R. 404.901 (unless claimant can show that she did not receive the notice within five days).

The undisputed facts establish that notice of the Commissioner's final decision was dated December 28, 2015. See Docket Entry 21, Declaration of Cristina Prelle at 4. See also Docket Entry 21, Exhibit 7 at 1. Watson is presumed to have received notice, and the sixty day period began, five days later, i.e., on or about January 2, 2016, unless there is a reasonable showing to the contrary.[2] She has offered nothing to suggest that she did not receive notice on or about January 2, 2016. Watson thus had up to or about March 3, 2016, to file a timely complaint challenging the final decision. She did not file the complaint at bar on or before March 3, 2016. Instead, she filed her complaint on March 28, 2016, or well past the sixty day deadline.

Although Watson's complaint was filed well past the sixty day deadline, the Commissioner is authorized by statute to extend that deadline in certain circumstances. Notice of the Commissioner's final decision provided that if Watson could not "file for court review" within sixty days, Watson could ask the Appeals Council to extend "the time to file." See Docket Entry 21, Exhibit 7 at 3. Watson was required to have a "good reason" for waiting more than sixty days, and her request for an extension of time had to be in writing and provide the "good reason." See Docket Entry 21, Exhibit 7 at 3. The undisputed facts establish that at the time of Prelle's declaration, i.e., April 28, 2016, Watson had not requested an extension of time. In fact, there is nothing to suggest that Watson ever sought an extension of time.

---

[2] January 2, 2016, was a Saturday. There is nothing to suggest that the United States Postal Service did not deliver mail that day.

The Court finds that Watson did not file her complaint within sixty days after the presumptive receipt of notice by Watson of the Commissioner's final decision or within further time allowed by the Commissioner. The only question is whether Watson's untimely filing can be excused.

The courts are empowered to permit an untimely filing. See Barrs v. Sullivan, 906 F.2d 120 (5th Cir. 1990). The instances are rare, and the claimant must show that "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." See Id. at 122. [Internal quotations omitted].

In Barrs v. Sullivan, the claimant asked a court to toll the sixty day deadline and permit an untimely filing because he had brain damage. The district court denied the request, and the United States Court of Appeals for the Fifth Circuit affirmed the denial of the request. The Court of Appeals so found because, inter alia, the claimant offered "no medical documentation to support his argument that his mental condition was so deficient as to excuse him from complying with the limitations period" and offered no evidence of impropriety on the Commissioner's part. See Id. at 122.

In this instance, the equities in favor of tolling the sixty day period are not so great that deference to the agency's judgment is inappropriate. The Court so finds for two reasons. First, there is no evidence that Watson's alleged mental impairment adversely impacts her memory or concentration. Instead, the record suggests that the impairment has little impact on those abilities. With regard to those abilities, the Administrative Law Judge ("ALJ") found the following:

> On May 1, 2014, [Watson] underwent a mental diagnostic evaluation with Kenneth B. Jones, Ph.D. [Watson] reported a history of depression. However, the examiner noted that [Watson] had no sleep problems, conversed easily, maintained interest in previous activities and presented with an affect within normal limits. Therefore, the examiner concluded that there was no evidence of depression. … In conclusion, Dr. Jones completed a medical source statement. He noted that [Watson's] impairment did not affect her ability to understand, remember and carry out instructions. …

<u>See</u> Docket Entry 21, Exhibit 6 at 9. Second, although Watson maintains that the Commissioner committed numerous improprieties, Watson has offered nothing to substantiate her assertions. This case is therefore not one of the rare cases in which the sixty day deadline will be tolled and an untimely filing excused.

There is no genuine dispute as to any material fact, and the Commissioner is entitled to judgment as a matter of law. The Commissioner's motion for summary judgment is granted. <u>See</u> Docket Entry 16. Watson's complaint is dismissed, and judgment will be entered for the Commissioner.

IT IS SO ORDERED this 7th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE